# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv273

| | |
|---|---|
| LYLE FRONING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TOYOTA MOTOR SALES, U.S.A., INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Transfer Venue to the Bryson City Division. Review of this removal action reveals that plaintiff originally filed this lemon-law action in the North Carolina General Court of Justice, Buncombe County, despite being a resident of Cherokee County. Apparently, plaintiff chose Buncombe County for the convenience of his attorney, who practices in Buncombe County. After removal to the Asheville Division, plaintiff has now moved to transfer this action to the Bryson City Division, arguing that it is more convenient to him and a more appropriate forum.

In deciding a motion to transfer venue under Section 1404(a), the court must "weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Factors to consider include: (1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10)

appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. See CapitalSource Finance LLC v. B & B Contractors, Inc., Slip Copy, 2005 WL 1025953 (D.Md. 2005).[1]

The only factors relevant to the proposed intra-district transfer are plaintiff's initial choice of forum, relative ease of access to sources of proof, relative advantage and obstacles to a fair trial, other practical problems that make a trial easy, expeditious, and inexpensive, and a local interest in having localized controversies settled at home. Plaintiff's original choice of forum, Buncombe County, weighs against transfer to Bryson City. Plaintiff's reason for initially choosing Buncombe County, reduction of costs, has not changed merely because the case has migrated from one courthouse to another within Buncombe County. As a matter of judicial notice, plaintiff will be able to obtain a fair trial in Asheville or Bryson City. While plaintiff will garner more costs in driving to Asheville if this matter reaches trial, it is likely that any such costs are greatly outweighed by the convenience of this forum to his attorney, which will result in substantial savings. Further, having read plaintiff's Complaint, it is likely that testimony will be submitted through experts[2] and that the Asheville forum is more convenient and inexpensive where experts are involved inasmuch as a regional airport is located within a short drive of the courthouse. Finally, the court has considered the local interest in having a local controversy settled at home. Review of the complaint does not reveal any significant local interest in this case inasmuch as plaintiff is contending that a supposed defect in trucks sold throughout the United States caused his tire

---

[1] Due to the limits of electronic filing, a copy of such unpublished opinion is incorporated herein through reference to the Westlaw citation.

[2] Plaintiff is contending that a defect with a ball joint caused the flat tire on his truck, which is a contention which may only be proved, if at all, through expert testimony.

to go flat while parked. In sum, where a plaintiff files an action in a distant forum for one reason, his arguments for transferring that same action to a forum closer to his home for the opposite reason carry little weight. The court will deny this motion to transfer.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Transfer Venue to the Bryson City Division (#5) is **DENIED**.

**Signed: October 11, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge