# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:05cv273

| | | |
|---|---|---|
| **LYLE FRONING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **TOYOTA MOTOR SALES, U.S.A., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Designate Georgia Traffic Safety Unit Deputy Christopher Still as an Expert to Present Evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence (#17) and defendant's Motion to Exclude Opinions of Deputy Still (#20). On April 13, 2006, defendant filed its objection to such motion (#21), and plaintiff was required to file his reply to such response or inform the court in writing that he was not going to reply not later than for Leave to Amend Complaint. In addition, defendant filed a Motion to Exclude Opinions of Deputy Still (#20), which is made in accordance with the provisions of Rule 16(f), the response to which was also due to be filed not later than May 1, 2006, and was not filed.

Plaintiff has attempted to designate Deputy Still, the officer who investigated the accident, as an expert in this matter, nearly three months after the expert designation expired. The designation of experts is not considered to be "discovery" under the Federal Rules of Civil Procedures, but "disclosures" which "shall be made at the times and in the sequence directed by the court." Fed.R.Civ.P.26(a)(2). In this case, the court set deadlines in the Pretrial Order for Rule 26(a)(2) disclosures and restated such deadlines in bold type on the front page of the Pretrial Order.

No reasonable justification has been provided to the court for the attempted later designation. Such attempt at late designation appears to be based on qualifications plaintiff states it did not realize such witness possessed until taking Deputy Sill deposition.[1] These qualifications are training in accident investigation, a high school diploma, and experience as a police officer. These qualifications could not have come as any surprise to plaintiff inasmuch as they are the most basic qualifications of any law enforcement officer who is engaged in traffic control. Further, plaintiff has offered no explanation as to why he failed to speak with Deputy Still in the year and one-half since this accident and before the deposition. In any event, there is no evidence that Deputy Still has any training in accident reconstruction or accident causation, or any training in automotive engineering. While Deputy Still is certainly qualified to give his recollection as what he observed as a fact witness, he is in no manner qualified to be an expert witness in this defective product liability litigation.

Inasmuch as plaintiff has failed to comply with the Pretrial Order in this case, and it further appearing that Deputy Still is not an expert, the court will deny plaintiff's motion and grant defendants, and exclude any opinions proffered by Deputy Still concerning the causation of the accident at issue.

---

[1] Deputy Still testified as to recalling a gouge mark on the pavement and damage to the rim of the car, that was unrecorded in his accident report. Such facts were somehow recalled by the deputy despite having investigated some 800-1200 accidents since the accident at issue in this litigation. Still Depo., at 43. Further, such recollections are wholly contradicted by the expert who actually examined the rim and who found absolutely no damage.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Designate Georgia Traffic Safety Unit Deputy Christopher Still as an Expert to Present Evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence (#17) is **DENIED**, and defendant's Motion to Exclude Opinions of Deputy Still (#20) is **GRANTED**, and the court will exclude (for the limited purpose of the pending Motion for Summary Judgment) any and all testimony and opinions contained in Deputy Still's deposition concerning his opinion as to causation of the accident herein at issue. The court will, however, given full consideration to such officer's recollection of what he observed at the accident scene.

Signed: May 8, 2006

Dennis L. Howell
United States Magistrate Judge